# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CHARLES H. NGUYEN,

                    Petitioner,           :    Case No. 2:17-cv-490

        - vs -                           Chief Judge Edmund A. Sargus, Jr.
                                           Magistrate Judge Michael R. Merz

Warden,
  North Central Correctional Institution
                                   :
                    Respondent.

# REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court for decision on the merits on the Petition (ECF No. 1), the Return of Writ (ECF No. 12), the State Court Record (ECF No. 13), the Amended State Court Record (ECF No. 42), and Petitioner's Corrected Traverse (ECF No. 51).

**Procedural History**

       Petitioner Charles Nguyen was indicted by an Athens County, Ohio, grand jury on one count each of rape, kidnapping, aggravated burglary, and tampering with evidence. Found guilty by a trial jury, he was sentenced to an aggregate term of thirty years imprisonment. After denial of his motion for new trial, Nguyen appealed to the Ohio Fourth District Court of Appeals. That court affirmed in part and reversed in part, remanding for a determination of whether rape and kidnapping on the one hand and kidnapping and aggravated burglary should be merged under Ohio Revised Code § 2941.25. *State v. Nguyen*, 4th Dist. Athens No. 12CA14, 2013-Ohio-3170, 2013

Ohio App. LEXIS 3214 (Jul. 11, 2013) ("*Nguyen I*"), appellate jurisdiction declined, 137 Ohio St. 3d 1423, 2013-Ohio-5285 (2013). Through new counsel, who continues to represent him in this proceeding, Nguyen filed an Application to Reopen under Ohio R. App. P. 26(B) which the Fourth District denied. Nguyen did not appeal to the Supreme Court of Ohio.

On remand, the trial court held Nguyen was not entitled to merger under Ohio Revised Code § 2941.25 and reimposed the same thirty-year sentence. Nguyen appealed, but the Fourth District affirmed. *State v. Nguyen,* 4th Dist. Athens No. 14CA42, 2015-Ohio-4414, 2015 Ohio App. LEXIS 4278 (Oct. 21, 2015) ("*Nguyen II*"), appellate jurisdiction declined, 145 Ohio St. 3d 1410 (2016).

Nguyen through counsel then filed the instant habeas corpus Petition, pleading the following Grounds for Relief:

> **GROUND ONE:**
>
> Petitioner was denied his Constitutional right to be sentenced upon facts admitted by him or proven beyond a reasonable doubt by a jury. Violation of the rules of *Gaudin* (1995), *In re Winship* (1970), *Apprendi* (2000), and *Alleyne* (2013), resulted in Petitioner serving a longer prison sentence based upon judicial findings instead of jury findings in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Under the Sixth Amendment, a criminal conviction must "rest upon a jury determination that the defendant is guilty of every element of the crime" in question beyond a reasonable doubt. Gaudin (1995) A judge cannot appropriate the role of the jury. The Sixth Amendment provides that those "accused" of a "crime" have the right to a trial "by an impartial jury." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt. Gaudin (1995); In re Winship. (1970). The substance and scope of this right depend upon the proper designation of the facts that are elements of the crime. Alleyne (2013). In the instant case, the trial judge and the court of appeals based their sentencing decisions regarding allied offenses of similar import on facts determined exclusively by the judge which were in opposition to facts found by the jury as expressed in the jury

verdicts. The judge's fact-finding violated the Petitioner's right to due process and a fair trial under the Fifth Amendment, violated the double jeopardy clause of the Fifth amendment, violated the Fourteenth Amendment, violated the Sixth amendment, and violated the Eighth amendment prohibition against cruel and unusual punishment.

**GROUND TWO: argued in part in the alternative to GROUND ONE**

The practice of using a form of verdicts that allow alternative elements of the crime in the body of the verdicts, but does not require the jury to select one of the alternative elements, raises serious due process questions, particularly in a state such as Ohio where a unanimous verdict is required in criminal prosecutions [Ohio Crim.R. 31(A)]. The use of these verdicts makes it impossible to ascertain whether the jury unanimously convicted on a single theory for the kidnapping and aggravated burglary counts, or what that theory was. Under R.C. 2941.25(B) a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

(Ground two adds additional argument at Page ID#52-53)

**GROUND THREE:**

Ohio R.C. 2941.25 is unconstitutionally void for vagueness on its face and as applied in this case. R.C. 2941.25 is unconstitutional for its violation of the rights of the accused to notice, trial by jury, and proof beyond a reasonable doubt, which are all rights afforded to Nguyen by the U.S. Constitution. These rights include a right to notice of the alleged facts, a right to trial by jury as to the alleged facts, and a right to a standard of proof beyond a reasonable doubt as to these alleged facts, if the burden of proof is on the prosecution. The terms used to describe the factfinding necessary to implement R.C. 2941.25 are so vague that the implementation of the exception to the general rule in favor of merger is unconstitutional. The ultimate decision is an inherently subjective determination. One vagueness problem is that the statute delegates basic policy matters for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. *Grayned v City of Rockford*, 408 U.S. 104 (1972). This statute and its application in this case, violated the Petitioner's right to due process and a fair trial

under the Fifth Amendment, violated the double jeopardy clause of the Fifth amendment, violated the Fourteenth amendment, violated the Sixth amendment, and violated the Eighth amendment prohibition against cruel and unusual punishment.

**GROUND FOUR:**

Petitioner was denied his right to be properly sentenced pursuant to the Double Jeopardy provisions of the United States Constitution, which prohibits multiple punishments for a single offense or a single act. Petitioner's 5th, 6th, 8th and 14th amendment rights were violated when the Court failed to merge offenses.

**GROUND FIVE:**

Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when Petitioner's trial counsel summarily rejected the State's offer of a plea agreement to a five (5) year sentence by failing in his duty to thoroughly consult with Petitioner concerning the plea offer and provide Petitioner with an explanation, and failing to adequately counsel Petitioner concerning the risks of proceeding to trial and rejecting the offer before and after making the rejection.

**GROUND SIX:**

Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when Petitioner's trial counsel failed in his overall duty to adequately counsel Petitioner regarding the advisability of accepting or rejecting the offer to plead guilty in exchange for a sentence of five (5) years, and in not advising him to accept the plea offer.

**GROUND SEVEN**:

Petitioner's kidnapping conviction violates his Fifth amendment, 14th amendment, due process rights, his Sixth amendment rights and his Eighth amendment rights, because the evidence is subject to different interpretations with respect to whether his purported removal or confinement of the victim exceeded that necessary to accomplish the accompanying felonies of aggravated burglary and/or rape, and is thus insufficient. The issue should be a question for the jury after appropriate instructions, which appellate courts review under the sufficiency of the evidence standard as the due process safeguard.

**GROUND EIGHT:**

Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when Petitioner's trial counsel failed to timely request a hearing pursuant to R.C. 2907.02, Ohio's Rape Shield Statute, and further failed to bring in evidence that would have been admissible under Rape Shield, failed to investigate, and failed to defend, all in violation of Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

**GROUND NINE:**

The trial court violated Petitioner's 5th, 6th, 8th and 14th Amendment rights by ordering maximum consecutive and disproportionate sentences.

**GROUND TEN:**

On remand to address merger issues and allied offenses of similar import, the trial court, and thereafter the appeals court, may de novo examine whether there are fundamental structural and plain errors in the case that foreclose any conclusion about merger of allied offenses of similar import at sentencing. This would include a re-examination of the merger issue related to the rape and kidnapping charges, previously decided by the appeal court in 2013. To not permit this re-examination results in manifest injustice, in violation of Petitioner's 5th, 6th, 8th and 14th Amendment rights.

**GROUND ELEVEN:**

Petitioner's 5th, 6th, 8th and 14th Amendment rights were violated when the trial court erred to the prejudice of appellant in failing to conclude that the judge alone could not supply the predicate facts for merger analysis where the indictment, bill of particulars, jury instructions, and jury verdicts were all ambiguous, and in failing to either decide the analysis was impossible, or in the alternative, in failing to merge the aggravated burglary, rape and kidnapping counts as allied offenses of similar import at sentencing pursuant to R.C. 2941.25.

**GROUND TWELVE:**

The trial court erred to the prejudice of dr. Nguyen (sic) and infringed upon his rights under the Sixth and Fourteenth amendments to the United States Constitution (confrontation and due process), when it permitted expert testimony contrary to rules 702 and 705 of the Ohio rules of evidence.

**GROUND THIRTEEN:**

The trial court erred to the prejudice of Petitioner when it failed to hold a Rape Shield hearing before trial and during trial, at Petitioner's request, and by restricting cross-examination in violation of R.C 2907.02 and the Sixth and Fourteenth amendments to the United States Constitution.

(Petition, ECF No. 1, Exhibit F, PageID 25-83.)

# Analysis

In the interest of achieving finality in criminal litigation, the Supreme Court has adopted the doctrine of procedural default for habeas corpus cases. That doctrine is described by the Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal

habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6ᵗʰ Cir. 2000) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the " "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724. The Supreme Court reiterated the procedural default doctrine just last Term:

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. *E.g.*, *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman,* 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6ᵗʰ Cir. 2013), quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6ᵗʰ Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

The United States Court of Appeals for the Sixth Circuit requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Eley v. Bagley,* 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry,* 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle,* 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>                      . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen,* 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith,* 785 F.2d at 138; *accord Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards,* 281 F.3d 568, 576 (6th Cir. 2002).


**Ground One:  Denial of Jury Determination of Facts**


In his First Ground for Relief, Nguyen claims he was entitled to a jury decision on the question of whether his offenses of conviction were allied offenses of similar import subject to merger under Ohio Revised Code § 2941.25, Ohio's multiple count statute.  That question had not

been submitted to the jury at trial. It was raised on appeal in *Nguyen II*, where the Fourth District held it was barred by *res judicata*:

> {¶ 2} In his first assignment of error Nguyen asserts that the trial court erred in conducting a merger analysis of the offenses because defects and ambiguity in the indictment, bill of particulars, and jury verdicts made this analysis impossible and required a new trial. In part of his second assignment of error Nguyen repeats some of this argument and again requests a new trial. He also contends that the trial court erred in failing to merge his rape and kidnapping offenses. In his fourth assignment of error Nguyen contends that the trial court erred by not declaring R.C. 2941.25 unconstitutional and void for vagueness on its face and as applied in this case. Because Nguyen could have raised these arguments in his initial appeal but did not, res judicata precludes our consideration of them following remand.

2015-Ohio-4414.

Applying the *Maupin* factors, the Court finds that Ohio does have a relevant procedural rule: issues which can be raised on direct appeal but are not are barred from later presentation by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337, 349-50 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417, 428-29 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)( citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001) (Smith, J.) Further, Ohio state courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).

"[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307, 315 (12th Dist. 1995). But such presentation is required to be made in a petition for post-conviction relief under Ohio Revised Code § 2953.21, and no such petition was ever filed in this case.

Nguyen has not shown cause and prejudice to excuse this procedural default. Although ineffective assistance of appellate counsel can be excusing cause, such a claim must first be presented to the state courts and exhausted. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Nguyen never filed a petition for post-conviction relief and did not appeal to the Supreme Court of Ohio from denial of his Application to Reopen under App. R. 26(B).

The First Ground for Relief is therefore barred by Nguyen's procedural default in presenting it to the Ohio courts and should be dismissed.

**Ground Two: Inconclusive Verdict Forms**

Ground Two is procedurally defaulted on the same basis as Ground One. See *Nguyen II,* 2015-Ohio-4414, ¶ 2.

**Ground Three: Ohio Revised Code § 2941.25 is Unconstitutionally Vague**

Ground Three is procedurally defaulted on the same basis as Grounds One and Two. Moreover, it is seriously questionable whether the vagueness doctrine applies to statutes which direct decisions of judicial officers, as opposed to controlling primary conduct of citizens. See *Beckles v. United States*, 137 S. Ct. 886 (2017).

**Ground Four: Double Jeopardy**

Nguyen raised a Double Jeopardy argument on appeal from re-sentencing and the Fourth

District apparently[1] treated that claim as before it, denying the claim because there was no violation of the more restrictive Ohio multiple count statute. *Nguyen II,* 2015-Ohio-4414, ¶¶ 23-37.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Nowhere in his argument on his Fourth Ground for Relief does Nguyen cite any Supreme Court precedent dealing with the Double Jeopardy Clause (Corrected Traverse, ECF No. 51, PageID 6767-74). Instead, he reargues the claim made in Ground One that he was entitled to have a jury decide this multiple counts issue, a claim procedurally defaulted because it was not raised on the first direct appeal. Thus, Ground Four is procedurally defaulted for the same reason as Ground One.

**Ground Five:  Ineffective Assistance of Trial Counsel:  Failure to Consult on Plea Offer**

In his Fifth Ground for Relief, Nguyen claims he received ineffective assistance of trial counsel when his trial attorney "summarily rejected the State's offer of a plea agreement to a five (5) year sentence" without appropriately discussing the risks.

Petitioner's present counsel notes that the plea offer of five years occurred in a hearing on

---

[1] When a state court is squarely presented with a federal constitutional claim and denied it without discussing it expressly, the federal court must treat the decision as having been made on the merits. *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

May 26, 2010, but that hearing was not transcribed "until after [*Nguyen II*] came out." (Corrected Traverse, ECF No. 51, PageID 6794). Since Nguyen had the same attorney on his first direct appeal as at trial and an attorney cannot be expected to raise his or her own ineffectiveness, this claim is not barred by *res judicata* for failure to include it in the first appeal. But it is barred by the procedural default in failing to appeal to the Supreme Court of Ohio from denial of Nguyen's 26(B) Application and by failure to file a petition for post-conviction relief under Ohio Revised Code § 2953.21.

**Ground Six: Ineffective Assistance of Trial Counsel: Failure to Consult on Plea Bargaining Generally**

This Ground for Relief is barred on the same basis as Ground Five.

**Ground Seven: Improper Jury Instructions on the Kidnapping Charge**

In his Seventh Ground for Relief, Nguyen argues the jury was not properly instructed on the kidnapping charge and therefore made insufficient findings. This, he concludes, should lead to merger of the kidnapping charge with one of the other charges (Corrected Traverse, ECF No. 51, PageID 6774-76).

This claim could have been but was not raised on the first direct appeal. It is therefore barred by *res judicata* and procedurally defaulted. That bar was enforced by the Fourth District in *Nguyen II*, 2015-Ohio-4414, ¶¶ 20-21. Ground Seven should therefore be dismissed.

**Ground Eight: Ineffective Assistance of Trial Counsel**

In his Eighth Ground for Relief, Nguyen claims he received ineffective assistance of trial counsel when his trial attorney (1) failed to timely request a rape shield hearing, (2) failed to bring in evidence that would have been admissible under the rape shield statute; (3) failed to investigate, and (4) failed to defend.

This Ground for Relief is procedurally defaulted on the same basis as Grounds Five and Six, and should therefore be dismissed.

## Ground Nine: Trial Court Error in Imposing Maximum Consecutive and Disproportionate Sentences

In his Ninth Ground for Relief, Nguyen claims he should have received concurrent sentences and sentences less than the maximum.

In part, Nguyen argues that "House Bill 86 restored limitations upon consecutive sentences and re-enacted the presumption in favor of concurrent sentences. The trial court's findings are inadequate." (Corrected Traverse, ECF No. 51, Page ID 6798). This states a claim under Ohio law, but habeas corpus is available only to correct constitutional error. This portion of Ground Nine is not cognizable in habeas corpus.

Nguyen also claims that this sentence is barbaric, presumably intending to invoke the Cruel and Unusual Clause of the Eighth Amendment. (Corrected Traverse, ECF No. 51, PageID 6798). The Supreme Court has applied the proportionality principle to non-capital cases:

> The Eighth Amendment proportionality principle also applies to noncapital sentences. In *Rummel v. Estelle,* 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980), we acknowledged the existence of the proportionality rule for both capital and noncapital cases, id., at 271-274, and n. 11, but we refused to strike down a sentence of life imprisonment, with possibility of parole, for recidivism based on

three underlying felonies. In *Hutto v. Davis*, 454 U.S. 370, 374, 70 L. Ed. 2d 556, 102 S. Ct. 703, and n. 3 (1982), we recognized the possibility of proportionality review but held it inapplicable to a 40-year prison sentence for possession with intent to distribute nine ounces of marijuana. Our most recent decision discussing the subject is *Solem v. Helm*, 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983). There we held that a sentence of life imprisonment without possibility of parole violated the Eighth Amendment because it was "grossly disproportionate" to the crime of recidivism based on seven underlying nonviolent felonies. The dissent in *Solem* disagreed with the Court's application of the proportionality principle but observed that in extreme cases it could apply to invalidate a punishment for a term of years. Id., at 280, n. 3. See also *Hutto v. Finney*, 437 U.S. 678, 685, 57 L. Ed. 2d 522, 98 S. Ct. 2565 (1978) (dicta); *Ingraham v. Wright*, 430 U.S. 651, 667, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977) (dicta).

*Harmelin v. Michigan,* 501 U.S. 957, 997-998 (1991). The Sixth Circuit "adheres to the 'narrow proportionality principle' for evaluating Eighth Amendment claims articulated in *Harmelin*." *United States v. Young,* 847 F.3d 328, 363 (6th Cir. 2017), citing *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010); *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994).

A sentence of thirty years is not a disproportionate sentence considering the facts presented in evidence where part of the compulsion exerted for the rape was a death threat against a minor child. Moreover, the "rule of lenity" is a rule of statutory interpretation, not a rule for lenience in sentencing and is not in any event constitutionally mandatory.

To the extent Ground Nine raises state law claims, it should be dismissed as non-cognizable. Toe the extent it raises Eighth Amendment claims, it should be dismissed on the merits because the Fourth District's disposition of this claim in *Nguyen II* is neither contrary to nor an objectively unreasonable application of Supreme Court precedent. See *Nguyen II*, 2015-Ohio-4414, ¶¶ 38-41.

**Ground Ten: Failure to Allow De Novo Examination of Fundamental Structural and Plain**

**Error on Remand to Address Allied Offense and Merger Issues**

In his Tenth Ground for Relief, Nguyen claims that Ohio's failure to allow a trial court on remand and an appellate court on review of the remand decision to consider fundamental structural and plain errors "results in manifest injustice, in violation of Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

In his Corrected Traverse, Petitioner argues this claim largely in the same terms in which he argued Grounds One and Two: the ambiguity of the indictment, bill of particulars, jury instructions and verdicts required merger under Ohio Revised Code § 2941.25 or a new trial. Ground Ten takes that critique to a new level, asserting the United States Constitution required Ohio to set aside its *res judicata* doctrine and allow re-examination of such issues on remand.

To obtain habeas corpus relief, a petitioner must show that his conviction and confinement violated clearly established federal law as announced by the Supreme Court of the United States at the time the conviction occurred. Petitioner has not cited any Supreme Court precedent that even remotely supports the broad propositions in Ground Ten and in particular that requires a State to abandon its doctrine of *res judicata* in the face of claims of "structural error" and "plain error." The United States Constitution does not even require the State to provide ordinary appellate review. There is no federal constitutional right to appeal criminal verdicts for error review. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005); *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005), citing *Evitts v. Lucey*, 469 U.S. 387, 393 (1985); *McKane v. Durston*, 153 U.S. 684 (1894) ;. "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Ground Ten should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Eleven:  Improper Judicial Determination of Facts for Allied Offenses Merger Analysis**

Ground Eleven largely repeats the arguments made in support of Ground One (Corrected Traverse, ECF No. 51, PageID 6783-86).  It is procedurally defaulted on the same basis as Ground One and should therefore be dismissed.

**Ground Twelve:  Failure to Exclude Improper Expert Testimony**

In his Twelfth Ground for Relief, Nguyen claims his Confrontation Clause and Due process rights were violated when the trial court admitted testimony in violation of Ohio R. Evid. 702 and 705.  The Corrected Traverse makes no argument on this Ground, but merely incorporates arguments made on other grounds "as if fully repeated herein.[2]"  (Corrected Traverse, ECF No. 51, PageID 6798).  The only other place in the Corrected Traverse where reference is made to Ohio R. Evid. 702 is at PageID 6743 where Petitioner notes that Respondent asserts this claim is procedurally defaulted.

In *Nguyen I*, Petitioner's First Assignment of Error reads:

> 1. "THE TRIAL COURT ERRED TO THE PREJUDICE OF DR. NGUYEN AND INFRINGED UPON HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (CONFRONTATION AND DUE PROCESS), WHEN IT PERMITTED EXPERT TESTIMONY CONTRARY TO RULES 702 AND 705 OF THE OHIO RULES OF EVIDENCE

2013-Ohio-3170, ¶ 21.

---

[2] Since the Corrected Traverse is 107 pages long and no citation is made to any other argument that might be relevant, the Court is puzzled at why counsel would expect this language to be persuasive.

As to witness Dwayne Winston, a laboratory technical director, the Fourth District found there had been no objection at trial and Nguyen had therefore "forfeited all but plain error." *Id.*, ¶ 27. The court then concluded Nguyen had "failed to demonstrate that any error, plain or otherwise, occurred. . ." *Id.*, at ¶ 35. The court made the same ruling as to witness Derek Shoemaker. *Id.*, ¶¶ 36-37.

Natalie Saracco was a forensic scientist who collected swabs at the crime scene for later DNA analysis. Defendant objected to her testimony under Evid. R. 702, but not under 705, preserving only plain error as to the Rule 705 question. *Id.* , ¶ 38. The Fourth District overruled both objections because it found Saracco testified as a fact witness and not as an expert. *Id.*, ¶ 40.

Petitioner argues that the Fourth District's plain error review preserves Ground Twelve for habeas review. Federal law is to the contrary. Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law. *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *see also Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) (plain error review does not constitute a waiver of procedural default); accord, *Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). However, the opinion of a state court on plain error review is still entitled to deference under the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") if the federal court reaches the merits despite the procedural default. *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009); *Kittka v. Franks*, No. 12-1919, 539 F. App'x 668, 672

(6th Cir. 2013); *Bond v. McQuiggan*, No. 11-1559, 506 F. App'x 493, 498 n.2 (6th Cir. 2013);

*Stojetz v. Ishee*, No. 2:04-cv-263, 2014 U.S. Dist. LEXIS 137501, *231 (S.D. Ohio Sept. 24, 2014)

(Frost, J.)

Respondent concedes that the Rule 702 objection to Sarracco's testimony preserves that claim for habeas review. Here again the Fourth District understood it was dealing with a Sixth Amendment Confrontation Clause claim. *Nguyen I*, 2013-Ohio-3170, ¶ 26. Under *Harrington v. Richter, supra*, its decision on this claim is entitled to deference unless it is contrary to or an objectively unreasonable application of Supreme Court precedent. The Fourth District concluded:

> [N]o constitutional violation occurred as Nguyen contends. Moreover, the trial court let defense counsel question Saracco about the swabs outside the jury's presence and gave counsel a brief recess to review Saracco's notes. Thus, it seems counsel had ample opportunity to prepare to cross-examine Saracco on what appears to be a very simple matter. Therefore, we reject Nguyen's argument and overrule the first assignment of error.

*Id.,* ¶ 40.

Ohio R. Evid. 702 was amended in the wake of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and reflects the concerns recognized in that decision as to expert witnesses. But *Daubert* has never been imposed on the States as a matter of constitutional law. Even if it had, the Fourth District's determination that Sarracco was a fact witness instead of an expert has good grounding in the trial record.

In sum, Ground Twelve should be dismissed as procedurally defaulted in large part and otherwise for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Thirteen: Restriction of Cross-Examination of the Victim**

Nguyen raised this claim as his Second Assignment of Error on direct appeal in Nguyen I and the Fourth District decided it as follows:

IV. Rape Shield Hearing and Evidence of the Victim's Past Sexual Activity

{¶ 41} In his second assigned error, Nguyen complains the court erred when it refused to hold a rape shield hearing when he requested it and restricted his ability to cross-examine witnesses about the victim's sexual history in violation of R.C. 2907.02 and his Sixth Amendment rights.

* * *

{¶ 44} Next, Nguyen complains the court violated R.C. 2907.02(D) and his Sixth Amendment rights when it refused to let him question witnesses about aspects of the victim's sexual history. We review the court's R.C. 2907.02(D) rulings for an abuse of discretion. *See State v. Jordan*, 7th Dist. No. 06 HA 586, 2007-Ohio-3333, ¶ 48. But as already noted, we ordinarily use a de novo standard to review alleged violations of a criminal defendant's rights under the Confrontation Clause of the Sixth Amendment. *State v. Osman*, 4th Dist. No. 09CA36, 2011-Ohio-4626, ¶ 78.

{¶ 45} First, Nguyen complains that during trial the court did not permit him to discuss the fact that he and the victim were "in bed" together "just days before her claims of rape, which was not in dispute." (Appellant's Br. 8-9). We find this argument confusing. Nguyen implies that the victim admitted to consensual sexual activity with him in the days before the rape, but this is not true. At the rape shield hearing, Jenny denied any sexual activity with Nguyen except an incident in New York, which we discuss in more detail below. Jenny did admit that during Nguyen's visit to Athens, the pair watched two movies together on her bed. This is clearly not "sexual activity" and is therefore not even subject to R.C. 2907.02(D). See R.C. 2907.01. Moreover, on cross-examination Jenny did testify about the movie watching. So contrary to Nguyen's claim, the court did permit defense counsel to question the victim about the fact that she and Nguyen were "in bed" together a few days before the rape.

{¶ 46} Nguyen also complains that the origin of semen was at issue and argues that the court wrongly prevented him from inquiring about semen deposits in the victim's bedroom. Nguyen claims that

his semen was found "in areas of [the victim's] mattress that the State did not even attempt to connect to the alleged rape." (Appellant's Br. 10). He suggests, but does not specifically argue, that the semen was located on areas of the mattress that did not fit the victim's story about how the rape occurred. He argues that the semen "could have been deposited" during consensual sexual encounters between him and the victim in the days leading up to the rape. (Appellant's Br. 11).

{¶ 47} Nguyen fails to cite where in this extensive record there is evidence that his semen was actually found on the mattress. *See* App.R. 16(A)(7). If this evidence exists, we fail to see how the "origin" of it would be at issue because Nguyen admits the semen was his. Nguyen's actual argument appears to be that the semen relates to the issue of consent, i.e., if he had consensual sex with Jenny days before the alleged rape, it is more likely the "rape" was also consensual.

{¶ 48} However, the trial court did not prohibit Nguyen from asking the victim about semen deposits on the mattress. At the end of the rape shield hearing, the court told defense counsel he could ask the victim about whether she had sex with Nguyen in Ohio apart from the rape. Thus, if Nguyen's semen was on the mattress, defense counsel could have questioned the victim about whether she and Nguyen engaged in other sexual activity that could account for it.

{¶ 49} Nguyen complains that the court did not permit him to cross-examine the victim about sexual activity that occurred between them in New York. At the rape shield hearing, Jenny testified that on the morning of the first full day of her New York trip:

> I was awakened by [Nguyen's] hands touching me, touching my, touching me down there. Touching my vagina. And pushed it away and he just said please can I touch it. And kept on saying can I touch it, so I pushed it away again, and then the third time, um I did let him touch it. And he stopped. Then after that he took my hand and he put it on his penis. And I pulled my hand away, a couple of times. And then on the, and then on the third time he went ahead and put it back, my hands on his penis again and that's when I masturbated him and well stroke his penis.

{¶ 50} As the trial court noted, the New York incident occurred around two months before the rape. In his reply brief, Nguyen argues that the New York incident is not that remote in time from the rape because he and the victim had a long distance relationship and little

opportunity for physical contact. This argument ignores the fact that there is no evidence of sexual activity during the rest of the New York trip or during Nguyen's 9-day vacation with the victim right before the rape. Moreover, as the trial court stated, the New York incident is a "different type of thing" from the rape. During the New York incident, Nguyen and the victim touched each other's genitals with their hands. The victim testified, and the evidence supports the conclusion that, the Ohio incident involved vaginal intercourse and bondage and resulted in physical injuries to Jenny. Thus, evidence supports a conclusion that the inflammatory or prejudicial nature of the evidence of the New York incident outweighed its very slight probative value. The court properly found the evidence inadmissible under R.C. 2907.02.

{¶ 51} As to Nguyen's Sixth Amendment argument, it is apparent that at the rape shield hearing he failed to raise any constitutional arguments when the court ruled on the admissibility of evidence of the New York incident. Thus, we apply plain error analysis to this issue. *See* Section III.A., *supra* (explaining and applying this standard).

{¶ 52} "The rights to confront witnesses and to defend are not absolute and may bow to accommodate other legitimate interests in the criminal process." *State v. Boggs*, 63 Ohio St.3d 418, 422, 588 N.E.2d 813 (1992). In determining whether the rape shield law has been unconstitutionally applied, we must "balance the state interest which the statute is designed to protect against the probative value of the excluded evidence." *State v. Gardner*, 59 Ohio St.2d 14, 17, 391 N.E.2d 337 (1979). Ohio's rape shield law advances several legitimate interests:

> First, by guarding the complainant's sexual privacy and protecting her from undue harassment, the law discourages the tendency in rape cases to try the victim rather than the defendant. In line with this, the law may encourage the reporting of rape, thus aiding crime prevention. Finally, by excluding evidence that is unduly inflammatory and prejudicial, while being only marginally probative, the statute is intended to aid in the truth-finding process. *Id*. at 17-18.

{¶ 53} As we already explained, evidence of the New York incident had little probative value. Thus, the court could conclude the State's interests outweighed the probative value of the evidence. Therefore, we find no constitutional error occurred.

{¶ 54} Next, Nguyen complains he could not "cross-examine State witnesses concerning [Jenny's] prior sexual activities, or compel his own witness testimony." (Appellant's Br. 9). This argument is vague. Nguyen does not say what evidence he wanted to introduce and could not. He appears to simply complain he could not go on a fishing expedition into the victim's sexual past, which is not permissible.

{¶ 55} In addition, Nguyen complains he should have been able to introduce evidence of his prior sexual relationship with the victim to rebut "the witnesses' false testimony early on that the accuser's and Dr. Nguyen's relationship was purely platonic * * *." (Appellant's Br. 10-11). Although confusing, it appears Nguyen argues that he should have been permitted to question Jenny about the New York incident to prove her friends and family lied when they testified that she and Nguyen were just friends. However, there is no evidence Jenny's friends or relatives knew of the New York incident.

{¶ 56} In his reply brief, Nguyen makes extensive arguments about why he should have been permitted to question the victim about any consensual sexual activities that occurred during the 9-day Ohio visit. But as we noted above, the court told Nguyen he could ask the victim about this. Defense counsel chose not to do so.

{¶ 57} For the foregoing reasons, we overrule the second assignment of error.

*Nguyen I*, 2013-Ohio-3178.

Because the Fourth District decided Nguyen's Confrontation Clause claims on the merits, the decision is entitled to deference unless Nguyen can show it is contrary to or an objectively unreasonable application of Supreme Court precedent. Despite its length, Nguyen makes no argument anywhere inn his Corrected Traverse on the merits of Ground Thirteen. The only places counsel mentions Ground Thirteen in the Corrected Traverse are on PageID 6743 and 6798.

The Magistrate Judge concludes that any claim that restriction of cross-examination about the "New York incident" violated the Confrontation Clause is barred by Nguyen's failure to object and the consequent Fourth District review for plain error only. See *Nguyen I*, 2013-Ohio-3170, ¶

51. As noted above, plain error review is an enforcement of state procedural bars, not a waiver of them.

As to the balance of Ground Thirteen, Nguyen has not shown or even attempted to show that the Fourth's District's decision is not entitled to deference. Therefore, Ground Thirteen should be dismissed.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 21, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).