# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

CHARLES H. NGUYEN,

        Petitioner,           :   Case No. 2:17-cv-490

   - vs -                      Chief Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Michael R. Merz

Warden,
  North Central Correctional Institution
                            :
            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 67) to the

Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed

("Report," ECF No. 54). Chief Judge Sargus has recommitted the case for reconsideration in light

of the Objections (ECF No. 68).

**Parts of the Report Objected To**

The Objections begin by reciting fifteen specific items in the Report to which Petitioner

objects (ECF No. 67, PageID 6846-6851). The specific items will be dealt with below in

considering Petitioner's Analysis of Specific Objections (PageID 6853-63).

**Proposed Additions to Procedural History**

Petitioner next provides two pages of text which counsel believes should be added to the procedural history in the Report (ECF No. 67, PageID 6852-53). The Magistrate Judge has reviewed the record at the places cited and finds that the statements of procedural facts in this portion of the Objections are accurate except that there is no record citation for the statement "Mr. Chan argued that Local Counsel told him to reject the 5-year offer." *Id*. at PageID 6853, citing Corrected Traverse, ECF No. 51, PageID 6700. That statement does not appear in the Corrected Traverse at the place cited. Instead, with respect to the five-year plea offer, it refers to Nguyen's "then counsel," without specifying whether that is Mr. Chan or Mr. Farmer. From other portions of the Corrected Traverse, it appears that Mr. Farmer was sole counsel in May 2010, when Nguyen was advised to reject the five-year offer.

**Analysis of Specific Objections**

**Objection 1.   Certain Factual Findings and Omissions**

(a)      Nguyen objects to the statement in the Report that he was found guilty by a trial jury (Report, ECF No. 54, PageID 6803). In fact, he "argues that he was never found guilty by a jury." (Objections, ECF No. 67, PageID 6846.)

Petitioner argues in his Corrected Traverse that the verdicts are void because it is impossible to tell what the jury decided, i.e., the specific charges upon which they reached unanimous verdicts. But it is unequivocally true that the jury returned verdicts and therefore, at

least for purposes of a summary statement of the procedural history, Nguyen was convicted by a trial jury, as opposed to after trial to the court or a guilty or no contest plea. Indeed, the very language "an Athens County jury found Charles Nguyen guilty of rape, kidnapping, aggravated burglary and tampering with evidence" appears in the Corrected Traverse several times. See, e.g. ECF No. 51, PageID 6701, 6719. Certainly, the bare statement that Nguyen was convicted after trial to a jury was not intended to resolve Petitioner's claims about the propriety of the verdicts as can be seen from further analysis of those claims in the Report.

(b) Nguyen claims the Report incorrectly summarizes his First Ground for Relief when it states: "In his First Ground for Relief, Nguyen claims he was entitled to a jury decision on the question of whether his offenses of conviction were allied offenses of similar import subject to merger under Ohio Revised Code § 2941.25, Ohio's multiple count statute." (Objections, ECF No. 67, PageID 6846 quoting Report, ECF No. 54, PageID 6810.)

Instead, counsel argues the summary should have consisted of 375 words extracted from three separate places in the Corrected Traverse as follows:

> "The mess that became evident on remand":
>
> "When Nguyen prepared his argument in the trial court upon the Fourth District's remand on merger issues, it became clear that the trial court had imposed a sentence based in part on inappropriate judicial fact-finding, and in part on jury findings where the allegations were never clearly charged in the indictment, and the facts were never found by a unanimous jury beyond a reasonable doubt. Nguyen challenged his sentence on remand, and then on appeal to the Fourth District Court of Appeals and the Ohio Supreme Court, and contended on remand and in appeal that the multiplicity or duplicity failures of the indictment, made worse by the bill of particulars filed in the case, and combined with the ambiguity and vagueness of the jury instructions and the inscrutable "either/or" alternative jury verdicts [Doc. #12-2, pageID 909-912], combined to create structural error and/or plain error which called for a new trial or an acquittal. Nguyen also asked the trial and appeals courts to determine that errors occurred, in part, because the sentence

imposed was in violation of the rule set forth in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Defendant further challenged the constitutionality of R.C. 2941.25 both in general and as applied to Defendant. See Nguyen's Sentencing Memorandum [Doc. #12-2, ex. 29] and Reply [Doc. #12-2, ex. 31]."

…………………………………

"Furthermore, a court bars relitigation on issues and judgments only if it independently determines that the rendering forum used reliable legal process. In this case, the trial court ignored all of Nguyen's argument on remand, despite the fact it was argued in a Sentencing Memorandum, in a Reply, and at the hearing on remand, and the trial Court was entirely silent in its Entry as to all of the issues except its application of an inapposite State case regarding merger."

"The defining feature of the relitigation paradigm is the rule that a federal court conducts merits review of a constitutional claim if the state process was unreliable."

"Even if the state court identifies the 'correct governing legal principle,' a federal habeas court may still grant the petition if the state court makes an 'unreasonable application' of 'that principle to the facts of the particular state prisoner's case.'"

(Objections, ECF No. 67, PageID 6854-55, quoting Corrected Traverse, ECF No. 51, PageID 6711-12.)

Ground One for Relief as pleaded in the Petition reads:

**GROUND ONE:**

Petitioner was denied his Constitutional right to be sentenced upon facts admitted by him or proven beyond a reasonable doubt by a jury. Violation of the rules of Gaudin (1995), In re Winship (1970), Apprendi (2000), and Alleyne (2013), resulted in Petitioner serving a longer prison sentence based upon judicial findings instead of jury findings in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Under the Sixth Amendment, a criminal conviction must "rest upon a jury determination that the defendant is guilty of every element of the crime" in question beyond a reasonable doubt. *Gaudin* (1995) A judge cannot appropriate the role of the jury. The Sixth Amendment provides that those "accused" of a "crime" have the right to a trial "by an impartial jury." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt. *Gaudin* (1995); *In re Winship*.

> (1970). The substance and scope of this right depend upon the proper designation of the facts that are elements of the crime. *Alleyne* (2013). In the instant case, the trial judge and the court of appeals based their sentencing decisions regarding allied offenses of similar import on facts determined exclusively by the judge which were in opposition to facts found by the jury as expressed in the jury verdicts. The judge's fact-finding violated the Petitioner's right to due process and a fair trial under the Fifth Amendment, violated the double jeopardy clause of the Fifth amendment, violated the Fourteenth Amendment, violated the Sixth amendment, and violated the Eighth amendment prohibition against cruel and unusual punishment.

(Petition, ECF No. 1-6, PageID 25 (no alterations from original).)  Indeed, counsel's proposed substitution summary is more than one hundred words longer than if the Ground for Relief had been quoted verbatim.

The reader may judge for himself or herself whether the summary contained in the Report or that proposed in the Objections is a more accurate summary of the Ground for Relief as pleaded or indeed whether that question is at all material to deciding the case.  Regardless, the Report's conclusion that Ground One is barred by procedural default does not turn on the correctness of the summary, but is discussed below under Objection 2.


**Objection 2.  Procedural Default Conclusion as to Grounds One to Eight, Eleven, and Twelve**

Nguyen reads the Report as recommending dismissal of Grounds One to Eight, Eleven, and Twelve because those Grounds were procedurally defaulted "because Nguyen never filed a petition for post-conviction relief and did not appeal to the Supreme Court of Ohio from denial of the Application to Reopen under App. R. 26(B)[.]"  (Objections, ECF No. 67, PageID 6855.)

That summary misreads the Report as to Grounds One, Two, Three, Four, Seven, Eleven, and Twelve (as to witness Dwayne Winston), which the Report recommend be dismissed because

the Fourth District Court of Appeals had found the claims barred by *res judicata* because not raised on the initial direct appeal (Report, ECF No. 54, PageID 6811-14, 6818-19, citing *State v. Nguyen*, 4th Dist. Athens No. 14CA42, 2015-Ohio-4414 (Oct. 21, 2015) ("*Nguyen II*")).

Petitioner claims that he raised the issues in these Grounds for Relief on remand for resentencing and that, under Ohio law, *res judicata* was not applicable to bar these grounds. (Objections, ECF No. 67, PageID 6856, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669 (2011). As the Report noted, the Fourth District held to the contrary in *Nguyen II*, 2015-Ohio-4414 ¶¶ 2, 6, 20-21 (4th Dist. Oct. 21, 2015), quoting *State v. Roberts*, 137 Ohio St. 3d 230, 2013-Ohio-4580, ¶ 95; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, (1995); citing *State v. Gillard*, 78 Ohio St.3d 548, 549, 1997 Ohio 183, 679 N.E.2d 276 (1997) (emphasis added) ("issues not raised in prior appeal are barred by res judicata and overruled without further consideration"). The appellate court was nuanced in its application of Ohio *res judicata* doctrine, rejecting the State's argument that other claims were barred because not raised on the initial appeal. *Id.* at ¶ 4.

*State v. Wilson, supra*, was not cited to the Fourth District in Nguyen's second appeal to them (Appellant's Brief, State Court Record, ECF No. 12-2, Ex. 34, PageID 762-64.) Nor was it cited in Nguyen's attempted appeal from that court to the Supreme Court of Ohio. *Id.* at Ex. 38, PageID 894-904. If the Fourth District had failed to follow what Petitioner now asserts is controlling law on the *res judicata* question, why wasn't that law cited to them?

Moreover, *Wilson* does not stand for the general proposition for which it is cited. Instead, the Supreme Court of Ohio held that on remand for resentencing before the same judge who imposed the original sentence, a defendant is free to raise a claim of judicial bias in the same way such claims are always to be made in Ohio about Common Pleas Judges – by motion to the Chief Justice. 2011-Ohio-2669 at ¶ 32, citing *In re Disqualification of O'Grady*, 77 Ohio St. 3d 1240,

1240-41 (1996).

Federal habeas corpus courts are bound to accept relevant state law as the state courts decide it to be. *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.");. The Fourth District applied *res judicata* to bar consideration after remand of issues which could have been but were not raised on the first appeal. That decision is binding on us. Grounds One, Two, Three, Four, Seven, Eleven, and Twelve (as to witness Dwayne Winston) are barred by *res judicata.*

The Objections correctly note as to Grounds Five, Six, and Eight that the Report recommended they should be dismissed as procedurally defaulted because they were never raised in a petition for post-conviction relief. and because Nguyen never appealed to the Ohio Supreme Court from denial of his 26(B) Application.

Nguyen objects that even if the Court finds these Grounds for Relief barred by those failures, he can show cause and prejudice to excuse the default (Objections, ECF No. 67, PageID 6857, citing *Murray v. Carrier*, 477 U.S. 478 (1986)). Grounds Five, Six, and Eight are all issues of ineffective assistance of trial counsel. These would not be barred by *res judicata* under the rule in *State v. Perry*, 10 Ohio St. 2d 175 (1967), because, as the Report noted, Nguyen was represented on his first appeal by the same lawyer who represented him at trial (Farmer), and there is an exception to the *Perry* rule for that circumstance because an attorney cannot be expected to argue his own ineffectiveness (Report, ECF No. 54, PageID 6814, 6815; see also *State v. Lentz*, 70 Ohio St. 3d 527, 529-530 (1994). Similarly, such an attorney is not required to raise on direct appeal an issue which would require him to concede his own ineffectiveness for not preserving the issue

during trial.  *Sowell v. Collins,* Case No. C-1-94-237, Order, ECF No. 101, slip op. at 52, (S.D. Ohio Feb. 18, 1998) (Sargus, J.), rev'd on other grounds, *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004).

Because these claims were not barred by *res judicata,* they could have been raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21.  But no such petition was ever filed.  The Objections note what the deadline for filing such a petition would have been, but try to excuse failure to file such a petition by claiming these issues were "brought up at the trial level on remand and in Nguyen's 2014 appeal." (ECF No. 67, PageID 6859).  Current counsel did try to make those claims on the remand for resentencing, but that is not the required form under Ohio law.  Rather, a petition under Ohio Revised Code § 2953.21 is the sole way of attacking ineffective assistance of trial counsel that is not required to be raised on direct appeal.

The Objections also note that the Report relied on his failure to appeal denial of his 26(B) Application as part of the procedural default analysis.  The Report noted that Nguyen could not rely on ineffective assistance of appellate counsel to excuse procedural default, because that claim must be presented to and properly exhausted in the state courts before it can be used to excuse a procedural default of some other ground (Report, ECF No. 54, PageID 6812, citing *Edwards v. Carpenter*, 529 U.S. 446 (2000).)  An application under Rule 26(B) is the only permitted method in Ohio to raise a claim of ineffective assistance of appellate counsel and when such claims are raised but defeated in the court of appeals, a further appeal must be taken to the Supreme Court of Ohio for proper exhaustion.  Nguyen did not do so.

At the end of this section, Nguyen seems to claim his procedural defaults, if any, are excused because "it would be a deep miscarriage of justice to deny these grounds."  (Objections, ECF No. 67, PageID 6862 (emphasis in original).)  However, the "miscarriage of justice"

exception to procedural default is limited to cases where a petitioner can plead and show actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoid[ing] a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Nguyen has not offered any evidence of actual innocence of the sort required by Supreme Court precedent. See *Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005) (citations omitted).

**Objection 3.   Procedural Default Conclusion as to Grounds Four and Seven**

Nguyen incorporates here by reference "all of the above arguments as if fully restated herein." (Objections, ECF No. 67, PageID 6862.) No further analysis is needed.

**Objection 4.   Failure to State a Cognizable Claim as to Grounds Nine, Ten, Twelve, and Thirteen**

In his Ninth Ground for Relief, Nguyen claims he should have received concurrent sentences and sentences less than the maximum. In his Corrected Traverse, he made this as an argument about what House Bill 86 of the 2011 Ohio General Assembly[1] required (ECF No. 51, PageID 6798.) The Report concluded that this was an issue of state law and therefore not cognizable in habeas, and that that portion of Ground Nine should be denied on that basis.

Nguyen also claimed his sentence was "barbaric" and therefore violated the Eighth Amendment. (Corrected Traverse, ECF No. 51, PageID 6798.) The Report measured the Fourth District's opinion against relevant Supreme Court precedent and recommended this portion of Ground Nine should be dismissed on the merits because the Fourth District did not unreasonably

---

[1] Codified at Ohio Rev. Code §§ 2929.14(C)(4), 2929.41(A)

apply that precedent (Report, ECF No. 54, PageID 6816.)  Nguyen's only objection is that he received his thirty-year sentence after turning down a five-year plea agreement (Objections, ECF No. 67, PageID 6862.)  He cites no Sixth Circuit or Supreme Court precedent finding disproportionality under the Eighth Amendment when an imposed sentence is harsher than the sentence one could have agreed to.

In Ground Ten Nguyen claims that Ohio's failure to allow a trial court on remand and an appellate court on review of the remand decision to consider fundamental structural and plain errors "results in manifest injustice, in violation of Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights."  In his Corrected Traverse, Petitioner argues this claim largely in the same terms in which he argued Grounds One and Two: the ambiguity of the indictment, bill of particulars, jury instructions and verdicts required merger under Ohio Revised Code § 2941.25 or a new trial.  Ground Ten asserts the United States Constitution requires Ohio to set aside its *res judicata* doctrine and allow re-examination of such issues on remand (Petition, ECF No. 1-6, PageID 70-71; Traverse, ECF No. 51, PageID 6776, 6782.)

The Report rejected this argument on the basis that no Supreme Court precedent supports such a claim (ECF No. 54, PageID 6817.)  Petitioner's sole claim in his objection is that he "is held in prison without a conviction, since the verdicts are ambiguous.  This is an issue for this federal court." (Objections, ECF No. 67, PageID 6862-63.)  Not so.  Ohio's *res judicata* doctrine in criminal cases has been upheld time and again by the Sixth Circuit.  *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), *citing Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 918 (S.D. Ohio 2001) (Smith, J.).

In Ground Twelve, Nguyen claims his constitutional rights were violated by admission of

evidence in violation of Ohio R. Evid. 702 and 705.  As to witness Dwayne Winston, that claim was procedurally defaulted by failure to contemporaneously object, a default the Fourth District upheld by conducting only plain error review.  As to witness Natalie Saracco, the Fourth District rules against Nguyen on the merits, holding that she was called as a fact witness and not an expert (Report, ECF No. 54, PageID 6819, citing *Nguyen II*, 2015-Ohio-4414 at ¶ 40.)  The Report that *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), had never been held constitutionally binding on the States (Report, ECF No. 54, PageID 6820.)  On that basis, it found Ground Twelve procedurally defaulted in part (as to Wilson) and entirely without merit.  *Id.*  In his Objections, Nguyen only says that he "repeats his arguments that Fed. R. [Evid.] 702 prevails." (ECF No. 67, PageID 6863.)  He cites absolutely no authority that the Federal Rules of Evidence are constitutionally binding on the States.

In Ground Thirteen Nguyen complained of restrictions on the cross-examination of the victim (Petition, ECF No. 1-6, PageID 83.)  The Report noted that despite its length (107 pages), the Corrected Traverse made no argument about Ground Thirteen.  The Report concluded that complaints about restrictions on cross-examination about purported sexual activity by the parties in New York was barred by lack of contemporaneous objection and the Fourth District's decision on this issue was otherwise entitled to deference under 28 U.S.C. § 2254(d)(1) (Report, ECF No. 54, PageID 6824-25.)  All Nguyen does in his Objections is assert, without citation, that the Fourth District decision was "an unreasonable application of Supreme Court precedent."  (Objections, ECF No. 67, PageID 6863.)

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 7, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985). **Because of the age of this case, the Court will not grant any extensions of time to object.**