IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES H. NGUYEN,

    Petitioner,

v.

WARDEN, NORTH CENTRAL
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-490
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On December 21, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed. (ECF No. 54.) Upon the filing of Petitioner's *Objection* (ECF No. 67), on February 7, 2019, after recommittal by Chief Judge Sargus, the Magistrate Judge issued a *Supplemental Report and Recommendation* again recommending that the *Petition* for a writ of habeas corpus be dismissed. (ECF No. 69.) Petitioner has filed an *Objection* to the *Supplemental Report and Recommendation*. (ECF No. 71.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 71) is **OVERRULED**. The *Report and Recommendation* and *Supplemental Report and Recommendation* are **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Athens County Court of Common Pleas on charges of rape, kidnaping, aggravated burglary, and tampering with evidence. He asserts that trial judge engaged in unconstitutional judicial fact-finding in imposing sentence (claim one); that the use of form verdicts violated due process (claim two); that Ohio

1

Revised Code § 2941.25 is unconstitutionally void on its face and as applied in this case (claim three); that his convictions violate the Double Jeopardy Clause (claim four); that he was denied the effective assistance of counsel, because his attorney failed to consult with him regarding whether to proceed to trial (claim six); that the evidence is constitutionally insufficient to sustain his conviction on kidnapping (claim seven); that he was denied the effective assistance of counsel in connection with Ohio's Rape Shield Statute (claim eight); that the trial court unconstitutionally imposed maximum consecutive disproportionate sentences (claim nine); that the trial court unconstitutionally failed to re-examine merger issues related to his convictions on rape and kidnapping and failed to merge his convictions (claims ten and eleven); that the trial court unconstitutionally permitted admission of expert testimony in violation of Ohio law (claim twelve); and that the trial court unconstitutionally failed to hold a Rape Shield hearing and restricted Petitioner's cross-examination (claim thirteen). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or for failure to provide a basis for federal habeas corpus relief.

Petitioner again objects to the Magistrate Judge's recommendation of dismissal of grounds one through eight, and eleven and twelve as procedurally defaulted based on his failure to raise the foregoing claims on his first direct appeal, and to the recommendation of dismissal of claims five, six, and eight based on his failure to file a petition for post conviction relief or appeal to the Ohio Supreme Court in Rule 26(B) proceedings. He likewise objects to the recommendation of dismissal of his remaining claims as not cognizable or failing to provide a basis for relief. Specifically, Petitioner refers to a typographical error in his Corrected Traverse, and clarifies that it was Attorney Derek Farmer who improperly advised him to reject the government's plea offer, and acted in a constitutionally unreasonable manner in numerous other

2

respects. However, Petitioner never presented this claim to the state courts. Petitioner again argues that he has not been validly convicted of any criminal offense, as the jury verdicts are "inconclusive and inscrutable," and thus, that *res judicata* does not apply. (*Objection,* ECF No. 71, PAGEID # 6879-80.) This argument fails. The facts indicate that a jury found Petitioner guilty on charges of rape, kidnapping, aggravated burglary, and tampering with evidence. The trial court sentenced him to thirty years. Petitioner failed to present the issue of improper jury verdicts on direct appeal. When he later attempted to do so, the appellate court explicitly refused to address the merits of his claim as barred under Ohio's doctrine of *res judicata*. Petitioner thus has procedurally defaulted this issue for review in these proceedings. The record reflects no basis for this Court to conclude that *res judicata* does not apply. Petitioner again argues, at length, that *State v. Wilson*, 129 Ohio St.3d 214 (Ohio 2011) provides otherwise. For the reasons previously discussed, this Court does not agree. Further, and despite Petitioner's argument to the contrary, his claims would have been readily apparent to him at the time of his direct appeal, and nothing prevented him from raising these issues in his first appeal as of right.

Petitioner argues that evidence indicating that he had engaged in a "role-playing phone-sex relationship" and "real-life sexual relationship," along with his attorney's failure to follow through on the defense establishes his actual innocence, such that this Court may nonetheless address the merits of his procedurally defaulted claims. Again, this argument plainly fails. Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether

3

"new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005) (footnote omitted). Petitioner cannot meet this standard here. Petitioner again argues regarding the merits of his claims. He additionally presents all of the same arguments that he has previously presented.

Upon a careful review of the entire record, for the foregoing reasons and for the reasons that have already been well detailed in the Magistrate Judge's *Report and Recommendation* and *Supplemental Report and Recommendation*, Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* and *Supplemental Report and Recommendation* (ECF Nos. 54, 69) are **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that)

4

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or failing to provide a basis for relief. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

3-21-2019
EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

5